IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN SALAZAR, | ) | No. C 06-2734 JSW (PR) |
| Petitioner, | ) | |
| vs. | ) | **ORDER TO SHOW CAUSE** |
| D. L. RUNNELS, Warden, | ) | (Docket No. 2) |
| Respondent. | ) | |

**INTRODUCTION**

Petitioner, a prisoner of the State of California, currently incarcerated at High Desert State Prison in Susanville, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the decision of the Board of Prison Terms to deny him parole in violation of his due process rights. Petitioner has also filed a motion to proceed in forma pauperis (docket no. 2). Petitioner's motion is now GRANTED (docket no. 2). This order directs Respondent to show cause why the petition should not be granted.

**BACKGROUND**

According to the petition, Petitioner was convicted of "sex intercourse with a girl under 18 years old" after a guilty plea in Monterey County Superior Court in 2004 and sentenced to a term of 24 years in state prison. Petitioner did not appeal his conviction, but sought habeas relief in the state courts in 2005. The Supreme Court of California denied Petitioner's petition in 2006. Petitioner filed the instant federal habeas petition on April 21, 2006.

**DISCUSSION**

I <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II <u>Legal Claims</u>

The petition raises the following ground for relief: Petitioner's guilty plea was not knowingly and voluntarily made in violation of his due process rights; his Sixth Amendment rights were violated by ineffective assistance of trial counsel; and he was sentenced in violation of his rights under *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

*For the foregoing reasons and for good cause shown,*

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state record that have been transcribed previously and are relevant to a

1 | determination of the issues presented by the petition.  If Petitioner wishes to respond to
2 | the answer, he shall do so by filing a traverse with the Court and serving it on Respondent
3 | within **thirty (30)** days of his receipt of the answer.

4 |       3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an
5 | answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
6 | Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court
7 | and serve on Respondent an opposition or statement of non-opposition within **thirty (30)**
8 | days of receipt of the motion, and Respondent shall file with the Court and serve on
9 | Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

10 |       4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep
11 | the Court informed of any change of address by filing a separate paper captioned "Notice
12 | of Change of Address."  He must comply with the Court's orders in a timely fashion.
13 | Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
14 | to Federal Rule of Civil Procedure 41(b)

15 |     IT IS SO ORDERED.

16 | DATED:  August 31, 2006

                                        JEFFREY S. WHITE
                                        United States District Judge

3