IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SALAZAR,<br><br>        Petitioner,<br><br>  vs.<br><br>D.L. RUNNELS,<br><br>        Respondent. | No. C 06-2734 JSW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at High Desert State Prison in Susanville, California, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court ordered Respondent to show cause why a writ should not issue. Respondent filed an answer, memorandum and exhibits in support thereof. Although afforded an opportunity to do so, Petitioner did not file a traverse. For the reasons stated below, the petition is denied on the merits.

## PROCEDURAL BACKGROUND

In July 2004, Petitioner pled guilty to charges of forcible lewd acts upon a child (Cal. Pen. Code § 288(b)(1)), forcible rape (Cal. Pen. Code § 261(a)(2)), and continuous sexual abuse of a child under the age of fourteen (Cal. Pen. Code § 288.5)). Pursuant to a negotiated plea agreement, the trial court sentenced Petitioner to a term of 24 years in state prison. Petitioner

filed unsuccessful habeas petitions in all three levels of the California courts. Thereafter,

Petitioner filed the instant petition on March 1, 2006.

The following factual summary underlying the charged offenses, from the Probation Report, is not disputed by the parties:

> Beginning when the victim was between the ages of 11 and 12, and continuing until she was age 17, the defendant engaged in sexual conduct with Jane Doe, his step-daughter. During a forensic interview, the victim would describe how the defendant began violating her by engaging in playful wrestling which led to his placing his finger in her vagina. He then threatened to kill her brother and mother if she reported his actions.
>
> Over the course of time, the defendant was able to so indoctrinate this young girl, that he had merely to knock on the headboard to his bed, and she knew she was to go to his room where he would force sexual intercourse or oral sex upon her. He threatened her and placed his hand over her mouth while taking her clothes off. . . .

(Resp. Ex. C at 15-16.)

## STANDARD OF REVIEW

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 413 (2000). Under the "unreasonable

application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Id.* As summarized by the Ninth Circuit: "A state court's decision can involve an 'unreasonable application' of federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." *Van Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir. 2000) (citing *Williams*, 529 U.S. at 405-07), *overruled in part on other grounds by Lockyer v. Andrade*, 538 U.S. 63 (2003).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411; *accord Middleton v. McNeil*, 541 U.S. 433, 436 (2004) (per curiam) (challenge to state court's application of governing federal law must be not only erroneous, but objectively unreasonable); *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam) ("unreasonable" application of law is not equivalent to "incorrect" application of law).

In deciding whether the state court's decision is contrary to, or an unreasonable application of clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of a petitioner's claim in a reasoned decision. *LaJoie v. Thompson,* 217 F.3d 663, 669 n.7 (9th Cir. 2000).

## DISCUSSION

The petition raises the following ground for relief: (1) Petitioner's trial counsel "induced" him to plead guilty by giving him incorrect advice as to his likelihood of conviction and his potential sentence at trial; (2) defense counsel did not fully advise Petitioner of the elements of his crimes; (3) he was sentenced in violation of his rights under *Blakely v.*

3

*Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (4) he was not advised of his right to appeal of his sentence; and (5) the superior court has violated his due process rights because they sent back his motion for a transcript of his change-of-plea hearing.

## I.     Advice by Counsel Regarding Consequences of Going to Trial

Petitioner alleges that his attorney advised him incorrectly that if he did not accept the proposed plea bargain, he would be convicted at trial and face a possible sentence of life in prison. Petitioner argues that this incorrect advice induced him to plead guilty pursuant to the plea bargain.

Due process requires that a guilty plea be both knowing and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). A plea is "involuntary" if it is the product of threats, improper promises, or other forms of wrongful coercion, *Brady v. United States*, 397 U.S. 742, 754-55 (1970), and is "unintelligent" if the defendant is without the information necessary to assess intelligently "the advantages and disadvantages of a trial as compared with those attending a plea of guilty," *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). He may not collaterally attack his plea's validity merely because he made what turned out, in retrospect, to be a poor deal. *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005)

A defendant who enters a guilty plea on the advice of counsel may generally only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). A defendant seeking to challenge the validity of his guilty plea on the ground of ineffective assistance of counsel must satisfy the two-part standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984) by showing "that (1) his 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting

*Hill*, 474 U.S. at 57-59).

Petitioner complains about counsel's advice that he faced a likely conviction and life sentence if he proceed to trial. The record indicates that counsel's advice was reasonable. To begin with, the evidence against Petitioner was strong. The victim would have testified to the details of Petitioner sexually abusing her on a daily basis over the course of five or six years, and to obtaining an abortion at the age of 16 after Petitioner impregnated her. (Resp. Ex. C at 3.) Her account was corroborated by two other people in whom she had confided, and by her school records. (*Id.* at 7-9.) Petitioner does not describe any evidence he could have introduced, and the record does not indicate any, that would have undermined the credibility of the victim or other prosecution witnesses. The only evidence it appears Petitioner could have presented would have been his own uncorroborated testimony. Had he testified, moreover, he risked revealing the lack of remorse noted by the Probation Officer, including blaming his crimes on his wife for not being a better sexual partner, which would only have made conviction more likely. Under these circumstances, counsel was entirely reasonable in advising Petitioner that he did not have any realistic chance of acquittal at trial.

Furthermore, the record indicates that counsel was correct that if convicted on the charges he faced, he could have spent the rest of his life in prison. At the time of his sentencing, Petitioner was 38 years old, and he could have been sentenced to as much as 32 years in state prison solely on the three charges to which he pled guilty. (Resp. Ex. E at 2.) In addition, at the time of counsel's advice Petitioner faced numerous other felony charges sexually abusing the victim so frequently over the course of six years. It was only because he plead guilty pursuant to the plea bargain that these additional charges were dismissed. (Resp. Ex. B at 1, Ex. C at 1-2.) Had he proceeded to trial, these charge would have remained, and his conviction on these additional charges would have exposed him to a possible sentence significantly longer than 32 years. Thus, counsel reasonably advised Petitioner that he faced a

sentence at trial would put him in prison for the rest of his life was accurate.[1]

As the advice by counsel was sound, such advice did not deprive him of the effective assistance of counsel or render his guilty plea involuntary. Consequently, Petitioner is not entitled to habeas relief on this claim.

## II.     Advice Regarding Elements of the Offense

Petitioner claims that defense counsel did not explain the elements of California Penal Code § 288(a) to him. For a defendant to knowingly and voluntarily enter a guilty plea, in accordance with due process, the defendant must have sufficient awareness of the relevant circumstances and likely consequences of the plea. *Brady*, 397 U.S. at 748. If a defendant pleads guilty to a crime without having been informed of the crime's elements, the standard set out in *Brady* is not met and the plea is invalid. *Bradshaw v. Stumpf*, 545 U.S. at 182-83 (2005) (citing *Henderson v. Morgan*, 426 U.S. 637 (1976)). The Court has never held that the judge must himself explain the elements of each charge to the defendant on the record. *Id.* at 183. Rather, the constitutional prerequisite of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel. *Id.*

Counsel did not have to explain the elements of § 288(a) because Petitioner did not plead guilty to violating that section. Although Petitioner had been charged with violating California Penal Code § 288(a), the charges under that section were dismissed.[2] As described above, he pled guilty to charges of forcible lewd acts upon a child (Cal. Pen. Code § 288(b)(1)), forcible

---

[1] In addition, the plea agreement with its maximum sentence of 24 years conferred a substantial benefit to Petitioner over going to trial where he faced a likely conviction and a potentially longer sentence.

[2] The Court notes that Petitioner suggests that the elements of § 288(a) were not met because the "girl never suffered any harms." (Petition at 6c.) He cites not authority that "harm" to the victim is an element of the offense, and in any event there was ample evidence of such harm insofar as Petitioner sexually abused her for many years.

rape (Cal. Pen. Code § 261(a)(2)), and continuous sexual abuse of a child under the age of fourteen (Cal. Pen. Code § 288.5)). Consequently, any failure by counsel to explain the elements of § 288(a) to Petitioner did not render his guilty plea involuntary.

The Court notes that the record suggests, and Petitioner does not allege otherwise, that he was advised of the elements of the offenses to which he pled guilty. During the plea colloquy, he indicated that he had sufficient time to "discuss the charges, the facts, the defenses and consequences" with his attorney. (Resp. Ex. E at 2-5.) He also told the trial court, and initialed a form indicating, that he understood the maximum penalty for these charges. (*Id.* at 2.)

Petitioner is not entitled to habeas relief on this claim.

### III.     Sentence

Petitioner claims that he was sentenced in violation of his rights under *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because his 24-year sentence "is too harsh for the crime which petitioner committed." (Petition at 6e.)

*Blakely* and *Apprendi* do not proscribe or even address disproportionate sentences. These decisions concern the Sixth Amendment right to a jury, and specifically hold that facts that increased the penalty for a crime beyond the prescribed statutory maximum must be charged, submitted to a jury, and proved beyond a reasonable doubt. *See Blakely*, 542 U.S. at 303-04; *Apprendi*, 530 U.S. at 488-90. The record demonstrates that Petitioner's sentence was not based on any enhancements or otherwise increased beyond the statutory maximum based on any factual findings by the trial judge. To the extent the sentence was based on the facts admitted by Petitioner in pleading guilty, the sentence did not violate the requirements of the Sixth Amendment or *Blakely* and *Apprendi*. *See Blakeley*, 542 U.S. at 303-04 (holding that "statutory maximum" for *Apprendi* purposes is maximum sentence judge could impose based solely on facts reflected in jury verdict *or* admitted by defendant in guilty plea).

7

As Petitioner argues that his sentence is too long for the crime he admitted, and not that his right to a jury was violated, it appears that he may not have meant to base his claim on *Apprendi* and *Blakely*, but rather that he meant to argue that his sentence was disproportionate under the Eighth Amendment. *See Solem v. Helm*, 463 U.S. 277, 303 (1983) (holding that sentence of life imprisonment without possibility of parole for seventh nonviolent felony violates 8th Amendment).

An Eighth Amendment disproportionality claim fails in this case, however. "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare." *Id.* at 289-90. The threshold determination for the court is whether petitioner's sentence is one of the rare cases in which a comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality. *United States v. Bland*, 961 F.2d 123, 129 (9th Cir. 1992) (citing *Harmelin*, 501 U.S. at 1005). Given the gravity of Petitioner's crimes -- raping and sexually abusing a his young step-daughter on a daily basis over the course of five or six years – the sentence of 24 years in prison does not raise an inference of disproportionality. *See, e.g., Ewing* (sentence of 25 years to life for conviction of grand theft with prior convictions was not grossly disproportionate); *Harmelin*, 501 U.S. at 1005 (mandatory sentence of life without possibility of parole for first offense of possession of 672 grams of cocaine did not raise inference of gross disproportionality); *cf. Gonzalez v. Duncan*, 551 F.3d 875, 883 (9th Cir. 2008) (finding sentence of 28-years to life for petitioner's failure to meet technical requirement of updating registration as sex offender leads to inference of gross disproportionality). Accordingly, Petitioner's sentence did not violate his rights under the Eighth Amendment.

Petitioner is not entitled to habeas relief on this claim.

**IV.     Appeal Rights**

Petitioner claims that his defense attorney did not advise him of his right to appeal his

8

sentence.[3] Counsel has a constitutionally-imposed duty to consult with a criminal defendant client about an appeal when there is reason to think that a rational defendant would want to appeal or that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).  A petitioner must show prejudice (i.e., meet the second *Strickland* prong) to be entitled to habeas relief in a failure-to-appeal case. *Id.* at 483-84.  To show prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. *Id.* at 484.   Evidence that there were nonfrivolous grounds for appeal or that the defendant promptly expressed a desire to appeal often will be highly relevant in determining whether the petitioner has shown prejudice. *Id.* at 485-86.

Here, there is no evidence of nonfrivolous grounds for appealing the sentence, which was within the range Petitioner agreed to in the plea agreement and was imposed after a guilty plea that the change-of-plea hearing indicates was entered following a complete acknowledgment that he knowingly and voluntarily waived his trial and jury rights.  Moreover, there is no evidence that Petitioner ever expressed to counsel a desire to appeal his sentence, let alone that he did so in a timely fashion.  The first indication that Petitioner desired to challenge his sentence came over ten months after his conviction, when he filed his first state habeas petition, long after the 60-day deadline for filing an appeal. *See* Cal. Rule of Court 8.308(a).  Petitioner was not prejudiced by any failure by counsel to advise him that he could appeal his sentence because the record demonstrates no reasonable probability that he would have filed a timely appeal.

Accordingly, Petitioner is not entitled to habeas relief on this claim.

---

[3]Petitioner also asserts that the trial court failed to advise him that he could appeal his sentence.  Petitioner points to no authority, and this Court is aware of none, requiring the trial judge to advise him that he could appeal his sentence.

9

Petitioner claims that the Monterey County Superior Court violated his right to due process by returning his motion for a transcript of his plea hearing without providing him a copy of the transcript. Although there is no due process requirement that states allow direct appeals of criminal convictions, if state law does permit such appeals, due process and equal protection require that indigent criminal defendants be provided with free transcripts for use in the appeal, or other effective means of obtaining adequate appellate review. *Britt v. North Carolina*, 404 U.S. 226, 227 (1971). A habeas petitioner also must establish prejudice from the lack of transcript in order to be entitled to habeas corpus relief. *Madera v. Risley*, 885 F.2d 646, 648 (9th Cir. 1989). According to Petitioner, he mailed the motion for a transcript along with a petition for a writ of habeas corpus, and his motion was returned by the superior court. He does not describe any prejudice he suffered from not having the transcript, however. He does not identify anything that might appear in the transcript that would have assisted him in advancing his claims or in formulating new ones. The Court has also reviewed the transcript and does not find anything in it that would have been of use to Petitioner. In the absence of prejudice from the lack of a transcript, Petitioner's due process claim fails.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The Clerk shall enter judgment for Respondent and close the file.

IT IS SO ORDERED.

DATED: July 17, 2009

JEFFREY S. WHITE
United States District Judge

## V.     Transcript

Petitioner claims that the Monterey County Superior Court violated his right to due process by returning his motion for a transcript of his plea hearing without providing him a copy of the transcript. Although there is no due process requirement that states allow direct appeals of criminal convictions, if state law does permit such appeals, due process and equal protection require that indigent criminal defendants be provided with free transcripts for use in the appeal, or other effective means of obtaining adequate appellate review. *Britt v. North Carolina*, 404 U.S. 226, 227 (1971). A habeas petitioner also must establish prejudice from the lack of transcript in order to be entitled to habeas corpus relief. *Madera v. Risley*, 885 F.2d 646, 648 (9th Cir. 1989). According to Petitioner, he mailed the motion for a transcript along with a petition for a writ of habeas corpus, and his motion was returned by the superior court. He does not describe any prejudice he suffered from not having the transcript, however. He does not identify anything that might appear in the transcript that would have assisted him in advancing his claims or in formulating new ones. The Court has also reviewed the transcript and does not find anything in it that would have been of use to Petitioner. In the absence of prejudice from the lack of a transcript, Petitioner's due process claim fails.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The Clerk shall enter judgment for Respondent and close the file.

IT IS SO ORDERED.

DATED: July 17, 2009

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JUAN SALAZAR,

        Plaintiff,

  v.

DAVID L. RUNNELS et al,

        Defendant.

Case Number: CV06-02734 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 21, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Juan Salazar
V66844
H.D.S.P.
P.O. Box 3030
Susanville, CA 96127

Dated: July 21, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk